

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| NICOLE GUERRERO, <br> PLAINTIFF | § <br> § <br> § | |
| VS. | § <br> § | |
| WICHITA COUNTY, TEXAS, <br> SHERIFF DAVID DUKE, <br> CORRECTIONAL HEALTHCARE <br> MANAGEMENT, INC., & LADONNA <br> ANDERSON, <br> DEFENDANTS | § <br> § <br> § <br> § <br> § <br> § | CASE NO. 7:14-CV-58-O |

## COMPLAINT

Plaintiff, Nicole Guerrero ("Plaintiff"), through undersigned counsel, brings this civil action against Defendant WICHITA COUNTY ("The County"), and Defendant WICHITA COUNTY SHERIFF DAVID DUKE ("Duke") pursuant to 42 U.S.C. §1983 of the United States Code. As described more fully below, the County and/or their officers, agents, contractors, and/or employees have subjected Plaintiff to unconstitutional conditions of confinement which violated Plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution. Plaintiff also brings this civil action against Defendant CORRECTIONAL HEALTHCARE MANAGEMENT, Inc. ("CHM"), and Defendant LADONNA ANDERSON ("ANDERSON"), for breaching the duty of care owed to Plaintiff, and committing medical malpractice.

1

## PARTIES

1. Plaintiff is a United States citizen and resident of Wichita County, Texas.

2. Defendant Wichita County, is a governmental entity doing business in the state of Texas. Wichita County maintains its principal place of business at 900 Seventh Street, Wichita Falls, 76301, and is a county government domiciled in Wichita County, Texas. Wichita County owns and runs the Wichita County Jail, and as such, is the proper defendant. At all relevant times, Defendant Wichita County, by and through its officers, agents, and employees, was acting under color of law. Wichita County may be served by serving Hon. Woodrow Gossom, Wichita County Judge, 900 Seventh Street, Room 202, Wichita Falls, Texas 76301

3. Defendant Duke, is the duly elected and duly sworn sheriff of Wichita County, Texas. Since January 1, 2009, and at all relevant times herein, Duke was the final policymaker for Wichita County with respect to all matters concerning the care and custody of inmates in the Wichita County Jail. Furthermore, at all relevant times, Duke had final approval over all of Defendant CHM's staff, employees, agents, and/or subcontractors. At all relevant times, Defendant Duke was acting under color of law and maintained final supervisory control over the individual Defendants, including Defendant Anderson. Defendant Duke may be served at the Wichita County Sheriff's Office, 900 Seventh Street, First Floor, Wichita Falls, Texas 76301.

4. Defendant LaDonna Anderson ("Anderson"), is an individual and a citizen of the State of Texas. She was, at all relevant times, a registered nurse for the Wichita County Jail and an agent, supervisor, and employee for Correctional Healthcare Management, Inc. (CHM). Defendant

may be served with process by serving CHM at 6200 S. Syracuse Way #440 Greenwood Village, Colorado 80111. At all relevant times, Defendant Anderson was acting under color of law.

5. Defendant Correctional Healthcare Management ("CHM"), is a foreign for-profit corporation, which is authorized to transact business in the State of Texas. At all relevant times, Defendant CHM was a contractor with Wichita County to provide for the delivery of medical care to individuals in the Wichita County Jail in accordance with applicable law, and administering correctional healthcare services and providing medical and healthcare personnel, including Defendant Anderson. Final approval was granted by Sheriff Duke. At all relevant times, Defendant CHM, by and through its officers, agents, and employees, including Defendant Anderson, was acting under color of law. Defendant CHM may be served with process by serving its registered agent, C.T. Corporation Systems, 350 S. N. St. Paul, Suite 2900, Dallas, Texas 75201.

## PERSONAL JURISDICTION

6. Defendants have systemic and continuous contacts with the State of Texas, and this civil action arises from damages that are a result of those contacts and activities. Therefore, this Court has general jurisdiction over Defendants for all matters in which they are a party, and specific jurisdiction over Defendants for the claims raised in this civil action. Moreover, Plaintiff is also a resident of the State of Texas.

## SUBJECT MATTER JURISDICTION

7. In this civil action, Plaintiff is suing Defendant Wichita County, Defendant Duke, Defendant CHM, and Defendant Anderson (in her individual and official capacity as a registered nurse and supervisory agent for Defendant CHM), under federal law, § 1983 of Title 42 of the United States Code, and for violating the Plaintiff's rights guaranteed to her by the Fourteenth Amendment of the United States Constitution. To the extent this civil action arises under federal law, this Court has subject matter jurisdiction pursuant to § 1331 of Title 28 of the United States Code (federal question jurisdiction).

8. This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C.§ 1367 because the claims are part of the same case or controversy as Plaintiff's federal claims.

## VENUE

9. Venue is proper in the U.S. District Court for the Northern District of Texas, Wichita Falls Division, because the unlawful acts alleged below were committed therein.

## FACTUAL BACKGROUND

10. On June 2, 2012, Plaintiff was arrested by the Wichita Falls Police Department for a possession charge, and was booked into the Wichita County Jail, downtown facility. Plaintiff was pregnant at the time of her arrest.

11. Upon information and belief, on June 11, 2012, Plaintiff had an appointment with her OB/GYN, Dr. Ghanbari, where he measured her stomach and listened to the baby's heartbeat.

4

Upon information and belief, Dr. Ghanbari told plaintiff that the baby was fine, and that she was 34 weeks pregnant. At this appointment, Dr. Ghanbari also prescribed Flagy to treat Plaintiff's vaginal infection, and iron tablets.

12. Upon information and belief, at approximately 6:30 p.m. on June 11, 2012, Plaintiff began experiencing lower back pain, cramps, heavy vaginal discharge of fluids, and light pink blood. Subsequently, Wichita County Jail detention officers escorted Plaintiff to the nurses' station, where "Nurse Amanda" listened to the baby's heartbeat, and informed Plaintiff that the heartbeat sounded fine. Plaintiff then asked the nurse about what warning signs she should be aware of, and the nurse told her that she should be concerned when she bleeds through two (2) full pads. After this exchange, "Nurse Amanda" gave Plaintiff the Flagyl pills Dr. Ghanbari prescribed, and returned Plaintiff to her cell.

13. Upon information and belief, At approximately 11:00 p.m., June 11, 2012, after lock-down, Plaintiff began experiencing increasingly painful cramps, contractions and severe lower back pain. Recognizing that something was wrong, Plaintiff pushed the medical emergency button, seeking assistance for her worsening condition. Plaintiff continued to push the medical emergency button, but her requests for help were ignored until 3:30 a.m. At that time, Wichita County Jail detention officers removed her from her cell and took her back to the nurses' station. Plaintiff was not examined at this time, although Plaintiff showed Defendant Anderson her used sanitary napkins, filled with blood and fluids. Defendant Anderson told Plaintiff the reason for the discharge of fluids, spotting, and cramps was because the four (4) Flagyl pills prescribed by Dr. Ghanbari, were "getting the infection out. The pills were doing their job." Subsequently,

detention officers escorted Plaintiff to the "cage," and she was given a mat to lay on. Shortly thereafter, Plaintiff's pain worsened, and she began to experience intense pressure in her rectum. Plaintiff, in obvious distress, began to moan, scream, and cry. She also attempted to talk herself though this ordeal, since she was not receiving any medical assistance.

14. Upon information and belief, while Plaintiff laid in excruciating pain, moaning and screaming, Defendant Anderson told her "It's ok, Nicole. Take a deep breath." Defendant Anderson also informed Plaintiff that she had called Dr. Ghanbari and told him about the symptoms Plaintiff was experiencing. According to Defendant Anderson, Dr. Ghanbari decided that Plaintiff wasn't having labor pains, and that she was fine.

15. Upon information and belief, Plaintiff remained in the "cage," where she continued to moan, cry, and ask for help, which caused the jail trustees to laugh and ask the detention officers "What are y'all going to do with her?" They also suggested that the detention officers move her to solitary confinement because her screams and moans were irritating them. Also, Plaintiff heard some detention officers talking amongst themselves, with some asking how long Plaintiff had to remain in the "cage," since she had been in there for 45 minutes.

16. Upon information and belief, at 5:00 a.m., Plaintiff felt a gush of fluids discharge from her vagina. At this time, Plaintiff heard Defendant Anderson state that she was going to go do "sugar checks" on the male inmates. Realizing that Defendant Anderson would be walking by, Plaintiff called out to her and pleaded for Defendant Anderson to look at the blood and fluids on and around Plaintiff. Defendant Anderson did not look at Plaintiff. Instead, Defendant Anderson told Plaintiff that she would "be right back," and walked away.

17. After this last encounter with Defendant Anderson, the pressure in Plaintiff's rectum became so severe that she undressed and checked her vagina for the baby's head. Simultaneously, Detention Officer "Boyd" walked by and Plaintiff asked her to confirm if what Plaintiff felt was in fact the baby's head. Detention Officer Boyd looked, and determined that it was a baby's head protruding from Plaintiff's vagina.

18. The pressure became so severe that Plaintiff could no longer keep from pushing. Therefore, while in the "cage," Plaintiff delivered her baby daughter, and Detention Officer "Boyd" held the baby. The baby was dark purple, and had the umbilical cord wrapped around her neck.

19. Upon information and belief, several minutes later, Defendant Anderson entered the "cage," and took the baby from Detention Officer "Boyd," and told Plaintiff "Just to let you know, I had to unwrap the cord from the baby's neck, and as long as we don't cut the cord, she's gonna have some bit of oxygen to help her." Defendant Anderson then proceeded to wrap the baby in Plaintiff's inmate towel, but did not make any attempt to revive her by CPR or any other method, although the baby was unresponsive and had a dark purple complexion. Instead, Defendant Anderson simply patted the baby lightly on her back until the ambulance arrived, approximately 20 minutes later.

20. When the EMTs arrived, they cut the baby's umbilical cord and tried to revive her, but she remained unresponsive. They took the baby to United Regional Healthcare Systems.

21. Plaintiff remained in the "cage", where she had to deliver the placenta. Afterwards, Plaintiff was also taken to United Regional Healthcare Systems.

22. The baby, Myrah Arianna Guerrero, was pronounced dead on June 12, 2012, at approximately 6:30 a.m., at United Regional Healthcare Systems.

## CAUSES OF ACTION

### 42 U.S.C.§ 1983 and The Fourteenth Amendment
### (Conditions of Confinement) As to Defendant Wichita County

23. Plaintiff re-alleges and incorporates by reference herein, all of the allegations contained in the Factual Background section, numbered 10-22.

24. Defendant Wichita County violated Plaintiff's clearly established due process rights under the Fourteenth Amendment when it deprived her of access to reasonable medical care, a right guaranteed to Plaintiff as a pretrial detainee, under the Fourteenth Amendment. Defendant Wichita County denied Plaintiff access to reasonable medical care when its employees, agents and/or subcontractors, ignored her obvious signs of labor and constant requests for medical assistance, failed to conduct a physical examination of Plaintiff when she began to display obvious signs of labor, left Plaintiff unattended in a solitary cell while she was obviously in labor, failed to transport Plaintiff to the hospital for a safe delivery, which ultimately caused Plaintiff to deliver her baby alone in the solitary cell, and resulted in Plaintiff suffering severe and likely permanent, physical and psychological injuries.

25. Defendant Wichita County's actions and/or omissions are the result of well-established customs, policies, procedures, and practices that led to the denial of the obvious medical treatment needed by Plaintiff, and placed her at high risk of serious harm and/or death, and such risk could have been prevented, but for the inadequate medical care system embraced at the

8

Wichita County Jail. Instead, these actions and/or omissions caused Plaintiff to suffer severe and possibly permanent physical and psychological harm, and consequently denied Plaintiff access to reasonable medical care, in violation of the Fourteenth Amendment.

26. All of Defendant Wichita County's actions and/or omissions are the result of well-established customs, policies, procedures, and practices that caused Plaintiff to linger in agony and suffer through an unnecessarily painful delivery in a jail cell, in violation of her Fourteenth Amendment constitutional rights. Furthermore, Defendant Wichita County has a history of maintaining policies, procedures, practices, and customs that routinely infringe on the constitutional rights of Wichita County Jail inmates. Defendant Wichita County was put on notice regarding its inadequate medical care system at the jail and the need for extensive improvements, by the various law suits filed against Defendant Wichita County by former detainees of the Wichita County Jail, or their respective estates.

**42 U.S.C. Section 1983 and The Fourteenth Amendment**
**(Conditions of Confinement) As to Defendant Duke**

27. Plaintiff re-alleges and incorporates by reference herein, all of the allegations contained in the Factual Background section, numbered 10-22.

28. During all relevant times, Defendant Duke was the Sheriff of Wichita County, and under Texas law is the "keeper of the jail" charged with the responsibility of implementing the policies, practices, customs, and procedures of the Wichita County Jail and the hiring of its employees, and Defendant Duke was acting within the scope of his employment as sheriff of Wichita County, and under color of law. Therefore, Defendant Duke is liable for the unconstitutional policies,

practices, customs, and procedures, as well as the actions of Defendant Anderson, that denied Plaintiff her constitutional right to reasonable medical care.

29. Defendant Duke, as the final county policy maker and the individual responsible for the well-being of the inmates at the Wichita County Jail, is responsible for the actions and/or omissions of those employed at the Wichita County Jail. Moreover, Duke and Wichita County has had notice of a continued inadequate medical care system which has repeatedly allowed the unconstitutional actions and/or omissions ,which are the result of well-established customs, practices, policies, and procedures that led to the deprivation of the obvious medical treatment needed by Plaintiff, and placed her at high risk of serious harm and/or death. *See, Brown v. Blin,* 11-10511, slip op. at 14 (5th Cir. 12-12-2012) (unpublished). Consequently, Plaintiff suffered severe and possible permanent physical and emotional harm.

## Medical Malpractice As to Defendant Anderson

30. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained the Factual Background section, numbered 10-22.

31. Defendant Anderson's lack of treatment and various departures from accepted standards of medical care, breached her duty of care owed to Plaintiff, which was the proximate and direct cause of Plaintiff being forced to unnecessarily suffer through the pain of child birth for several hours in a jail cell, consequently giving birth in that jail cell without medical attention, causing the death of the child, Myrah Arianna Guerrero, and resulting in Plaintiff suffering severe and likely permanent, physical and psychological injuries.

## Medical Malpractice As to Defendant CHM

32. The Plaintiff re-alleges and incorporates by reference herein all of the allegations in the Factual Background Section, numbered 10-22.

33. During all relevant times, Defendant Anderson was an employee of Defendant CHM, and was acting within the scope of her employment at the Wichita County Jail, and under color of law.

34. Defendant CHM is responsible for Defendant Anderson's breach of applicable medical care, which resulted in Plaintiff suffering physical and psychological injuries.

35. As a health care provider, Defendant Anderson had a duty to tend to the healthcare needs of the inmates of Wichita County Jail, including Plaintiff.

36. Defendant breached that duty on June 11, 2002-June 12, 2012, when she: (1)ignored the obvious signs indicating that Plaintiff was in labor, (2) ignored Plaintiff's constant requests for medical assistance, (3) failed to perform a physical examination of Plaintiff, (4) failed to immediately transport Plaintiff to a hospital for a safe delivery, and (5) placed Plaintiff in a solitary cell and left her alone for several hours while she was in labor, and subsequently caused Plaintiff to deliver her baby in the cell, without the appropriate medical assistance, resulting in the death of Myrah Arianna Guerrero, and the severe physical and psychological harm to Plaintiff.

## PRAYER FOR RELIEF

37.     Plaintiff seeks compensatory and punitive damages in the maximum amount authorized by law.

38.     Pursuant to 42 U.S.C. §§ 12205, 1988(b), Plaintiff is entitled to recover attorney's fees, costs, and expenses.

39.     Any other equitable relief the court deems just.

40.     In accordance with Rule 38 of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff demands a trial by jury for all issues raised in this civil action that are triable of right (or choice) by a jury.

Respectfully submitted,

By: /s/*Rickey G. Bunch*
Rickey G. Bunch
Bar No. 00792381
2110 Hiawatha Blvd.
Wichita Falls, Texas 76309
Telephone: (940) 322-6611
Facsimile: (212) 954-5533
rickbunch@sw.rr.com

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Nicole Guerrero

## DEFENDANTS
Wichita County, Texas, Sheriff David Duke, Correctional Healthcare Management, Inc., LaDonna Anderson

**(b)** County of Residence of First Listed Plaintiff  Wichita
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Office of Rickey G. Bunch
2110 Hiawatha Blvd., Wichita Falls, TX 76301 (940) 322-6611

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Conditions of Confinement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 05/20/2014
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____